[No. 7142. Decided June 4, 1908.]

ANNA M. COLLINS *et al., Respondents,* v. T. F. SEYFANG *et al., Appellants.*[1]

CANCELLATION OF INSTRUMENTS—GROUNDS—FRAUD—INCAPACITY—RELIEF GRANTED—ACCOUNTING. A feeble-minded mother and son, the owners of real and personal property, are entitled to the cancellation of leases of the property given by them for the term of twenty-five years in consideration of nominal annual payments, obtained by the lessee by working upon their fears and by agreeing to keep the son out of an insane asylum and to support the mother during life, which support lessee failed to furnish; and, also, to an accounting for rents received from a subtenant, and for personal property obtained by the lessee without consideration.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered April 29, 1907, in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to cancel leases and to recover personal property obtained thereunder. Affirmed.

*Vance & Mitchell,* for appellants.

*Troy & Falknor,* for respondents.

PER CURIAM.—The plaintiffs in this action are mother and son, respectively. The mother is seventy-eight years of age, and the complaint alleges, that both she and her son are feeble

[1]Reported in 95 Pac. 1088.

in body and mind; that, by reason thereof and also by reason of the fear of both that the son may be incarcerated in a hospital for the insane, others may easily impose upon and influence them. Prior to June 1, 1904, the mother owned a life estate in a certain tract of land containing about eighteen acres, and the son owned the land subject to the life estate. It is alleged that the land is highly improved with buildings of the value of $4,000, and that it is in a high state of cultivation, having an annual rental value of $250; that on said date the defendant Seyfang took advantage of the feeble condition in body and mind of the plaintiffs, and persuaded them to sign a written instrument purporting to be a lease for said premises to the said defendant for a period of twenty-five years on payment of an annual rental of $15, lessors to pay the taxes upon the land and the lessee to keep the premises in repair. The instrument also purported to lease the household and kitchen furniture and every article of personal property situated in the dwelling house on said land, except the wearing apparel of the lessors; also the tools for garden, farm, or shop of every character, including platform scales, wagons, carriages, harness, and farm implements, the personalty being of the value of $500; the lease thereof being for twenty-five years, and the $15 per annum and repairs aforesaid being the only compensation provided for the use of both the land and personal property. It is alleged that the defendant Seyfang persuaded the plaintiffs that, if they would sign the instrument he would be able to prevent the son from ever again being incarcerated in the hospital for the insane, and that he would also care for the mother during her remaining years; that they, being feeble in body and mind, believed his statements, but that the same were false, and were known to the said defendant to be false, at the time they were made; that he has refused to care for the mother, and has compelled her to leave the property.

The above stated facts relate to the first cause of action. The second cause of action states that in a similar manner

Seyfang obtained from plaintiffs possession of another tract of one hundred acres of land, for a term of eleven years, for a rental of $50 per year for the first three years, and $150 per year after that, the lessors to pay the taxes. A third cause of action asked an accounting for fifteen head of stock which Seyfang obtained without consideration. The complaint asks for the return of the personal property and that the purported leases shall be set aside as null and void. After a trial by the court without a jury, judgment was rendered cancelling both purported leases and awarding the plaintiffs judgment for $275 as the value of the stock taken and disposed of by Seyfang. Possession of the other personal property, and also of the real estate, was restored. Seyfang sublet the leased premises to the defendant Price, along with other land, for the full sum of $600 per year. It was found that about two-thirds of the $600 was for the use of plaintiffs' lands; and upon such a showing, Price was required to pay that portion of the accumulated rent into the registry of the court under a bond given to protect Seyfang pending the adjudication as to the leases here involved. It was provided in the final judgment of the court that the money so paid into the registry shall be paid to the plaintiffs. The defendant Seyfang has appealed.

The motions to dismiss the appeal and to strike the statement of facts and appellants' brief present some questions that may be serious as to the right to be heard on this appeal, but in view of the fact that we think the case should be affirmed on the merits, we will pass the motions without discussion. Appellant contends that the complaint does not state a cause of action, but we think it clearly does so. The statement of facts is voluminous, and we do not believe a discussion of the evidence is necessary here. The evidence shows facts substantially as alleged in the complaint and as above stated. No findings of facts were entered by the trial court, but we think the judgment is in all respects fully justified by

the evidence. The disposition that was made of the money in the registry of the court was, in its final effect, an equitable application by a court of equity of funds in its possession, which application was fully justifiable under the facts of the case.

We do not think the court erred, and the judgment is affirmed.